**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ALEJANDRA ORDAZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-06-1999 |
| | § | |
| ELDORADO VENTURE INC., | § | |
| d/b/a ELDORADO CLEANERS, and | § | |
| HUNG TAN HO, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

The plaintiff, Alejandra Ordaz, asserts in this FLSA case that her employer, Eldorado Cleaners, required her to work more than seventy hours per week, did not pay her overtime, and paid her so little each week that she did not receive the minimum wage. Defendants Eldorado Venture, Inc. d/b/a Eldorado Cleaners and Hung Tan Ho have moved to dismiss on the basis that Ordaz has failed to allege facts necessary to bring the case under the FLSA. (Docket Entry No. 9). Ordaz has responded to the motion to dismiss and has moved for leave to file an amended complaint. (Docket Entry Nos. 10, 11). Defendants have replied, supporting the motion to dismiss and opposing the motion for leave to amend, (Docket Entry Nos. 12, 14), and Ordaz has filed a surreply, (Docket Entry No. 13). Based on the motions, responses, and replies, the parties' submissions, and the applicable law, this court grants the motion to dismiss in part and denies in it part, and grants the motion for leave to amend in part and denies it in part. The reasons are explained below.

# I.     The Applicable Legal Standards

## A.     Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) "is viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982). Under Rule 12(b)(6), the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff, resolving inferences and doubts in the plaintiff's favor. *Lowrey v. Tex. A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). To avoid dismissal, however, a court need not accept as true conclusory allegations or unwarranted deductions of fact. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). The district court may not dismiss a complaint under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957).

Unlike motions for summary judgment, a Rule 12(b)(6) motion "only tests whether the claim has been adequately stated in the complaint." *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 220 (5th Cir. 1998). "Pursuant to Rule 8(a), a complaint will be deemed inadequate only if it fails to (1) provide notice of the circumstances which give rise to the claim, or (2) set forth sufficient information to outline the elements of the claim or permit inferences to be drawn that these elements exist." *Gen. Star Indem. Co. v. Vesta Fire Ins. Corp.*, 173 F.3d 946, 950 (5th Cir. 1999). The defendants make it clear that they have moved to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, not under Rule 12(b)(1). (Docket Entry No. 12 at 2–3). Because the defendants assert that they are only

2

moving under Rule 12(b)(6) to challenge the complaint's formal sufficiency to state a claim and establish jurisdiction under the FLSA, this court is largely limited to the pleadings to decide the motion.

In considering a Rule 12(b)(6) motion to dismiss, a court must limit itself to the contents of the pleadings, with one exception.  In *Collins v. Morgan Stanley Dean Witter*, the Fifth Circuit approved the district court's consideration of certain documents the defendant attached to a motion to dismiss.  *Collins*, 224 F.3d at 498–99.  The Fifth Circuit "restricted such consideration to documents that are referred to in the plaintiff's complaint and are central to the plaintiff's claim."  *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003) (citing *Collins*, 224 F.3d at 498–99).  Other courts approve the same practice, stating that "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993); *see also Field v. Trump*, 850 F.2d 938, 949 (2d Cir. 1998).

**B.    Leave to Amend**

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend pleadings "shall be freely given when justice requires," FED. R. CIV. P. 15(a), and 'evinces a bias in favor of granting leave to amend.'"  *Martin's Herend Imports, Inc. v. Diamond & Gem Trading*, 195 F.3d 765, 770 (5th Cir. 1999) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981)).  Leave to amend "is not automatic."  *Matagorda Ventures, Inc. v. Travelers Lloyds Ins. Co.*, 203 F. Supp. 2d 704, 718 (S.D. Tex. 2000) (citing

3

*Dussouy*, 660 F.2d at 598).  A district court reviewing a motion to amend pleadings under Rule 15(a) may consider factors such as "whether there has been 'undue delay, bad faith or dilatory motive . . . undue prejudice to the opposing party, and futility of amendment.'" *Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998) (quoting *In re Southmark Corp.*, 88 F.3d 311, 314–15 (5th Cir. 1996)).  Denial of leave to amend on the basis of futility is "premised . . . on the court's evaluation of the amendment as insufficient to state a claim." *Jamieson v. Shaw*, 772 F.2d 1205, 1209 (5th Cir. 1985).  A denial on this basis "tends to blur the distinction between analysis of the procedural context under Rule 15(a) and analysis of the sufficiency of the complaint under Rule 12(b)(6)." *Id.* at 1208–09 (citing *Pan-Islamic Trade Corp. v. Exxon*, 632 F.2d 539, 546 (5th Cir. 1980)).  Courts often explicitly equate the futility analysis under Rule 15(a) with the legal sufficiency standard of Rule 12(b)(6).  *See Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996) ("In reviewing for 'futility,' the district court applies the same standard of legal sufficiency as applies to a Rule 12(b)(6) motion."); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (same); *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997) (same).

### C.    The Fair Labor Standards Act

Section 206 of the FLSA requires that employers pay employees "engaged in commerce or in the production of goods for commerce" at least the minimum wage set by statute, which presently is $5.15 per hour.  29 U.S.C. § 206(a)(1). Section 207 prohibits businesses from employing workers "engaged in commerce or in the production of goods for

commerce" for more than forty hours per week unless the employer pays the worker at one and one-half times his or her regular rate for the hours in excess of forty hours.  29 U.S.C. § 207.  The FLSA covers all employees, regardless of the type of work they perform, if they are employed by "an enterprise engaged in commerce" under section 203(s).[1]  An enterprise is "engaged in commerce" only if it has annual gross sales in excess of $500,000.  29 U.S.C. § 203(s)(1)(A)(ii).

## II.   Analysis

The defendants argue that the FLSA does not apply to this case because Eldorado Venture, Inc. is not an "enterprise engaged in commerce" under the FLSA and Ordaz was not "engaged in commerce or in the production of goods for commerce."  Defendants attach to their motion to dismiss an affidavit and tax returns for Eldorado Venture, Inc. for the prior three years.  Defendants argue that the documents show that the gross sales fall short of

---

[1] Section 203(s) of the Fair Labor Standards Act provides in relevant part:

"Enterprise engaged in commerce or in the production of goods for commerce" means an enterprise that:

(A)(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and

(ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

29 U.S.C. § 203(s)(1).

$500,000.  To consider such evidence, this court would have to convert the motion to dismiss into one for summary judgment.  FED. R. CIV. P. 12(b).

Evaluating the motion to dismiss on the basis of the allegations in the complaint requires consideration of the motion for leave to amend.  Even if this court were to find the original complaint deficient, dismissal would be without prejudice and with leave to amend unless this court found amendment futile.  In the response to the motion to dismiss and the motion for leave to amend, Ordaz asserts that she has now pleaded more detailed facts to support her allegations that Eldorado Venture, Inc. is an enterprise engaged in commerce through the following related establishments operated as a single enterprise: Beechnut 10815, Inc., Broadway Center, Inc., Duong-Trang, Inc., Inwood Corporation, Helmer Cleaners, Inc., and D & T Family Partnership, Ltd.  Ordaz alleges that these enterprises performed "related activities" in the operation of their respective businesses, that they shared a "common business purpose," and that they were unified under "common control."  Ordaz alleges that Duong Binh Nguyen is president not only of Eldorado Venture, Inc., but also of each of the related companies.  Applying the Rule 12(b)(6) standards, this court cannot dismiss or deny leave to amend on the basis of futility because Ordaz has pleaded facts that if proven could support jurisdiction and a cause of action under the FLSA.  *Conley*, 355 U.S. at 45–46; *Jamieson*, 772 F.2d at 1209.

Ordaz attached to her proposed amended complaint various publicly available documents on each of the allegedly related establishments.  These documents state that Nguyen was the president of each of the businesses except for Helmer Cleaners, for which

6

he is listed as the registered agent. (Docket Entry No. 11, Exs. 1–7).  The defendants argue that the attachments do not establish a common enterprise.  Although the pleadings are not detailed and the attachments not conclusive, they do state the basis for a cause of action and jurisdiction under a joint-enterprise theory, precluding dismissal.

Even if an employer does not meet the "enterprise engaged in commerce" requirements, the FLSA's provision may cover a particular employee if that employee was "engaged in commerce or in the production of goods." 29 U.S.C. §§ 206, 207.  To determine whether an employee performed such work, a court focuses on the activities of the employee, not on the business of the employer.  *See Mitchell v. Lublin, McGaughy & Assocs.*, 358 U.S. 207, 211 (1959).  Although courts have read the FLSA expansively, they consistently recognize that in enacting the FLSA, Congress did not exercise its full authority under the Commerce Clause.  *See id.* ("Congress, by excluding from the Act's coverage employees whose activities merely 'affect commerce,' indicated its intent not to make the scope of the Act coextensive with its power to regulate commerce."); *McLeod v. Threlkeld*, 319 U.S. 491, 497 (1943) ("The test under this present act, to determine whether an employee is engaged in commerce, is not whether the employee's activities affect or indirectly relate to interstate commerce but whether they are actually in or so closely related to the movement of the commerce as to be a part of it.").

The FLSA's implementing regulations emphasize this point:

Although [the FLSA's definition of "engaged in commerce"] does not include employees engaged in activities which merely "affect" such interstate or foreign commerce . . . coverage of the Act based on engaging in commerce

> extends to every employee employed "in the channels of" such commerce or
> in activities so closely related to such commerce, as a practical matter, that
> they should be considered a part of it.

29 C.F.R. § 776.9.  The test is not whether the employee's tasks have some remote effect on

interstate commerce, but whether the employee participated in the channels of commerce.

In her surreply to the motion to dismiss, Ordaz argues that she is engaged in

commerce because she used and handled equipment and material that had traveled in

commerce to perform her ironing, pressing, and cleaning duties; regularly used the postal

service while working for the defendants; and cleaned, ironed, and pressed clothing and

material that had or would be transported in interstate commerce.  While some of these

activities may "affect" commerce, they do not show that Ordaz was employed in the

"channels of commerce."

Some use of the mail does not place Ordaz within this aspect of the FLSA.  The

Department of Labor states that "[e]mployees . . . are individually covered under the FLSA

if, in the performance of their duties, they are engaged in interstate commerce . . . . Such

employees include those who regularly handle interstate mail and telephone calls, engage in

banking or credit card transactions, or receive or handle goods or materials from or destined

for out-of-state sources."  Opinion Letter, FLSA, 1999 WL 1002373 (Mar. 5, 1999).  The

Department of Labor regulations clarify that an employee who incidentally uses interstate

communications is not covered by the FLSA.

> [S]ince "commerce" as used in the Act includes not only "transmission" of
> communications but "communication" itself, employees whose work involves
> the continued use of the interstate mails, telegraph, telephone or similar

8

> instrumentalities for communication across State lines are covered by the Act.
> This does not mean that any use by an employee of the mails and other
> channels of communication is sufficient to establish coverage.

29 C.F.R. § 776.10(b); *see also Xelo v. Mavros*, No. 03-cv-3665, 2005 WL 2385724, at *4 (E.D.N.Y. Sept. 28, 2005) (holding that a waiter at a local restaurant was not engaged in commerce even though he made bank deposits for defendants); *cf. Thorne v. All Restoration Servs., Inc*., 448 F.3d 1264, 1267–68 (11th Cir. 2006) (holding that an employee who used his company's credit card failed to adduce enough evidence to avoid the defendant's Rule 50 motion on his FLSA claims); *Kitchings v. Fla. United Methodist Children's Home, Inc*., 393 F. Supp. 2d 1282, 1293 (M.D. Fla. 2005) (holding that the FLSA was inapplicable to plaintiffs who purchased items at local stores using their employer's credit card).  Ordaz states that she was primarily engaged in manual labor.  (Docket Entry No. 13 at 2).  Ordaz's own proposed amended complaint and her briefs undermine any inference that the use of interstate communications was a regular part of her duties.

Finally, even if Ordaz handled clothing, equipment, or materials that originated out-of-state, this does not demonstrate that she was engaged in interstate commerce.  If Ordaz handled clothing and materials for individuals and companies who had purchased them, she would not be covered under this aspect of the FLSA.  Supreme Court precedent distinguishes employees who handle goods for a wholesaler and move these goods interstate from those who handle goods after they are acquired for local disposition.  *See McLeod,* 319 U.S. at 493. While the FLSA provides protections for the former group, it may not for the latter.  *Id*.; *accord Thorne*, 2006 WL 1228863, at *3 ("When goods reach the customer for whom they

were intended, the interstate journey ends and employees engaged in any further intrastate movement of the goods are not covered under the Act."); *Xelo*, 2005 WL 2385724, at *4 (recognizing that interpreting the FLSA to apply to a handler of any good that has moved interstate "would negate the significance of the clause and ignore the intent of Congress to create a distinction between certain workers whose activities were covered by the FLSA and others whose activities were not").

## III.    Conclusion

Ordaz's motion for leave to amend to allege that Eldorado Venture, Inc. is an "enterprise engaged in commerce" is granted and the motion to dismiss these allegations is denied.  The motion for leave to amend that Ordaz was engaged in interstate commerce and comes under the FLSA's coverage on that basis is denied, and the motion to dismiss these allegations is granted.

SIGNED on November 2, 2006, at Houston, Texas.

Lee H. Rosenthal
United States District Judge